UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Sunny Diri, on behalf of himself and
all others similarly situated

                              Civil Action No.

                              **CLASS ACTION**
         Plaintiffs,                **COMPLAINT**

   v.

ENHANCED RECOVERY COMPANY, LLC    **NO JURY TRIAL**
D/B/A ERC                                  **DEMANDED**

         Defendant.
------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq. as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Sunny Diri ("Plaintiff"), on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Defendant, Enhanced Recovery Company, LLC d/b/a ERC ("Defendant" or "ERC"), in connection with their attempts to collect alleged debts from himself and others similarly situated.

2. Plaintiff alleges that ERC's debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a

1

debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
   a. The acts giving rise to this lawsuit occurred within this District; and
   b. Defendant does business within this District.

## **PARTIES**

7. Plaintiff, Sunny Diri is an individual natural person who at all relevant times resided in the City of Brooklyn, County of Kings, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Enhanced Recovery Company, LLC d/b/a ERC is a collection agency with their principal place of business located at 8014 Bayberry Road, Jacksonville, Florida, 32256.

10. The principal purpose of ERC is the collection of debts using the mail and telephone.

11. ERC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. ERC is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime prior to March 2017, Plaintiff allegedly incurred a debt owed to T-Mobile USA, Inc. ("T-Mobile") with an account number ending in "7889" (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal cellular phone account in Plaintiff's name.

15. The Debt arose out of a personal cellular phone account which Plaintiff opened with T-Mobile for his personal use.

16. Plaintiff's T-Mobile account was neither opened nor used by Plaintiff for business purposes.

17. The cellular phone debt to T-Mobile is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

19. At a time known only to Defendant, the Debt was referred by T-Mobile to ERC for the purpose of collection.

20. ERC contends that the Debt is past-due and in default.

21. At the time the Debt was referred to ERC, the Debt was past-due.

22. At the time the Debt was referred to ERC, the Debt was in default.

23. At all times relevant hereto, ERC acted in an attempt to collect the Debt.

24. On or about June 20, 2017, ERC mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the letter dated June 20, 2017 sent by ERC to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy).

25. ERC mailed the June 20, 2017 letter attached as Exhibit A as a part of their efforts to collect the Debt.

26. Plaintiff received the letter attached as Exhibit A in the mail.

27. Plaintiff read the letter attached as Exhibit A upon receipt of said letter in the mail.

28. Exhibit A seeks to collect the Debt.

29. Exhibit A conveyed information regarding the Debt including the amount owed, account number, and a demand for payment.

30. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

31. The letter attached as Exhibit A states in relevant part:

> We are willing to reduce your outstanding balance by offering a discounted payoff amount of $714.15
>
> This letter services as notification that your delinquent account may be reported to the national credit bureaus.
>
> Upon receipt and clearance of $714.15, your account will be closed and collection efforts will cease.

32. Prior to the Letter attached as Exhibit A being sent by ERC to Plaintiff, ERC reported the Debt to the national credit bureaus.

33. ERC reported the Debt to the national credit bureaus as a part of their collection efforts with regard to the Debt

34. ERC's debt collection practice is largely automated and utilized standardized form letters.

35. Exhibit A is a standard form letter.

36. Documents in the form represented by Exhibit A are regularly sent by ERC to collect debts from consumers.

37. ERC mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom ERC attempted to collect a consumer debt.

38. ERC collected, or attempted to collect, an unauthorized fee from at least 40 persons residing in the state of New York within one year of the date of this Complaint.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692e)

39. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

40. In sending the letter attached as Exhibit A ERC violated 15 U.S.C. §1692e and §1692e(10).

41. 15 U.S.C. §1692e provides:

**§1692e.   False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42. While 15 U.S.C. §1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43. In considering whether a collection notice violates 15 U.S.C. §1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard.

44. ERC violated 15 U.S.C. § 1692e(10) because their statement in Exhibit A that the Plaintiff's delinquent account "may be reported" to the national credit bureaus was false, misleading, and deceptive because the Plaintiff's account had already been so reported by ERC since at least March of 2017. Saying Plaintiff's account "may be reported to the national credit bureaus" is an indication of an unrealized possibility, it communicates to a least sophisticated consumer that the account has not yet been reported to the credit bureaus, but it may be in the future if payment or settlement is not made on the account in accordance with the letter. The above referenced statement in Exhibit A is a threat to report Plaintiff's Debt to the credit bureaus in the future if the Debt is not paid or settled, a threat that false, misleading and deceptive because the Debt has already been reported to the national credit bureaus by ERC prior to ERC sending the letter attached as Exhibit A. Identical claims against ERC based on the same language Plaintiff complains of herein have been found to state a viable cause of action under the FDCPA. *See* Johnson v. Enhanced Recovery Company, LLC, 228 F. Supp.3d 870 (N.D. Ind. 2017).

45. ERC violated 15 U.S.C. § 1692e(10) because the warning that the account may be reported to the credit reporting agencies, which is sandwiched between the settlement offer, combined with the next sentence that reads "upon receipt and clearance of $714.15, your account will be closed and **collection efforts will cease**" (emphasis added) is a deceptive offer by ERC not to report the delinquent account to the credit reporting

6

bureaus if payment of $714.15 is made. ERC's Letter makes a deceptive offer to induce Plaintiff to settle. The Letter states that the debt may be reported to the national credit bureaus but later states that if payment of $714.15 is made then "**collection efforts will cease**". Reporting a debt to the credit bureaus clearly counts as "collection efforts", in fact it is quite possible the most powerful method and threat that debt collectors like ERC have at their disposal to induce payment. ERC's Letter makes a false non-reporting offer. It communicates to a least sophisticated consumer that their account may be reported to the credit bureaus but if the settlement amount is paid by them then "collection efforts will cease" *i.e.*, the account will not be reported to the credit bureaus. The reason the non-reporting offer is misleading and deceptive is because it is impossible for ERC to keep their end of the deal, as they'd already reported the Debt to the credit bureaus. ERC was never going to keep up its end of the proposed non-reporting deal in the Letter by not reporting Plaintiff's delinquent account. ERC's letter contained an offer that made Plaintiff, as well as other least sophisticated consumers, believe that they could avoid a black mark on their credit by paying the settlement amount offered ERC's Letter when in reality that was not true as the debt and negative information has already been reported on the Plaintiff's credit reports. Identical claims against ERC based on the same language Plaintiff complains of herein have been found to state a viable cause of action under the FDCPA. *See* <u>Johnson v. Enhanced Recovery Company, LLC</u>, 228 F. Supp.3d 870 (N.D. Ind. 2017).

46. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was mailed and directed to him.

47. Plaintiff has alleged a concrete harm because 15 U.S.C. § 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff.

48. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## **CLASS ALLEGATIONS**

49. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

50. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. This cause of action is brought on behalf of Plaintiff and the members of the following class.

52. The class consists of (a) all individual natural persons (b) with a New York address (c) whom Defendant mailed a letter materially identical or substantially similar to Exhibit A (d) where the debt referenced in the letter had been reported to a credit bureau by ERC prior to ERC mailing the letter to the individual (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

53. The class definition above may be subsequently modified or refined.

54. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge,

the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that ERC violated 15 U.S.C. §§1692e, and 1692e(10);

3. An award of statutory damages for Plaintiff and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       June 16, 2018

                                         THE PLAINTIFF

                                     /s/ Ryan Gentile
                         By:_____
                               Ryan Gentile, Esq.
                               Law Offices of Gus Michael Farinella PC
                               *Attorney for Plaintiff*
                               110 Jericho Turnpike – Suite 100
                               Floral Park, NY 11001
                               Tel: (201) 873-7675
                               Fax: (516) 305-5566
                               rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                The Law Offices of Gus Michael Farinella, PC

                                /s/ Ryan Gentile
                      By:_____
                              Ryan Gentile, Esq.